FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DUSTIN ALAN ASHLOCK, <br><br> Defendant. | No. 1:21-CR-02041-SAB-1 <br><br> ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND DETENTION ORDER <br><br> ORDER SETTING CONDITIONS OF RELEASE <br><br> **ECF Nos. 33, 35** <br><br> **\*USMS ACTION REQUIRED\*\*** |

Before the Court are Defendant's Motion to Amend Detention Order (ECF No. 33) and related Motion to Expedite (ECF No. 35). Defendant was represented on these Motions by court-appointed attorney Richard Smith.

ORDER - 1

1       On August 31, 2022, Defendant waived the right to a detention hearing pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), and the Court subsequently granted the United States' Motion for Detention (ECF No. 7). ECF No. 13. However, Defendant later filed a Motion to Reopen Detention (ECF No. 29), and the Court granted his release to inpatient treatment on February 2, 2023. ECF No. 31. Having successfully completed treatment, Defendant has filed a motion for this Court to grant his release to reside at Congdon Canal Oxford House in Yakima, Washington. ECF No. 33. Neither the United States Attorney's Office, nor United States Probation/Pretrial Services Office have any objection to Defendant's release. *Id*.

      Post-plea, presentencing matters are governed by 18 U.S.C. § 3143. Fed. R. Crim. P. 46(c). Under that statute, a defendant "who has been found guilty of an offense and who is awaiting imposition or execution of sentence" shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). This burden of clear and convincing evidence lies with the defendant. Fed. R. Crim. P. 46(c); *See United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

      This Court has taken into account the nature and circumstances of

ORDER - 2

conviction,[1] the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

Considering Defendant's completion of inpatient treatment and the agreement of both the United States Probation/Pretrial Services Office and the United States Attorney's Office with release, the Court finds that Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that would reasonably assure Defendant will not flee. Furthermore, Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that would mitigate the risk to the safety of other persons or the community that Defendant poses.

---

[1] While 18 U.S.C. § 3143(a)(1) directs the Court to consider release conditions under 18 U.S.C. § 3142(c), this statute contemplates an offense charged, which is inapposite in the context of supervised release.

ORDER - 3

Thus, the Court finds that Defendant's release to an Oxford House is appropriate at this time; however, the Court declines to amend its prior Order (ECF No. 31). Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 35**) is **GRANTED.**

2. Defendant's Motion to Reopen Detention Hearing (**ECF No. 33**) is **GRANTED IN PART AND DENIED IN PART.**

3. **Defendant shall be immediately released from custody.**

4. If a party desires this Court to readdress the issue of detention because of material and newly discovered circumstances, that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position. This Court will

ORDER - 4

treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

6. Defendant is bound over to Chief Judge Stanley A. Bastian for further proceedings.

7. Defendant shall abide by the following conditions at all times:

**STANDARD CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, tribal, state, or local law. Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant receives the approval of the district court judge with original jurisdiction over this matter and notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

ORDER - 5

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released.

5. Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6. Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

9. Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

ORDER - 6

10. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall maintain employment, or, if unemployed, shall actively seek employment and/or maintain or commence an educational program.

5. Defendant shall have no contact, direct or indirect, with any known gang members.

6. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States

ORDER - 7

Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

      7.    Defendant shall abstain totally from the use of alcohol.

      8.    Defendant shall submit to random urinalysis and Breathalyzer testing as directed by the United States Probation/Pretrial Services Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

      9.    Defendant shall not operate a motor vehicle without a valid driver's license.

      10.    Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by United States Probation/Pretrial Services. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services office and the treatment provider to exchange without qualification, in any form

ORDER - 8

and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

**IT IS SO ORDERED.**

DATED March 6, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 9